## In Re: Butchko

*Robert O'Brien*, for petitioner.
*Ronald Turo*, for respondent.

BAYLEY, *J.*, October 12, 1984—This is a petition for an involuntary commitment under the Mental

Health Procedures Act, 1976, July 9, P.L. 817 §101 et seq., 50 P.S. §7101. After careful consideration of the testimony presented at two hearings, I find the following facts have been proven by clear and convincing evidence:

1. That Helen Ellen Butchko, respondent, has within the past 30 days, attempted to inflict serious bodily harm on other residents and staff members at the Cumberland County Nursing Home and that there is a reasonable probability that such conduct will be repeated.

2. That respondent suffers from mental illness diagnosed as a border line personality disorder at the severe end of the spectrum.

3. As a result of this mental illness, respondent's capacity to exercise self control, judgment and discretion in the conduct of her affairs and social relations is so lessened that she poses a clear and present danger of harm to others, and as such is severely mentally disabled.

Mrs. Butchko is currently a resident at the Cumberland County Nursing Home. Her mental illness, as described above, has resulted in her repeated assaultive and aggressive behavior against staff and residents creating a major hinderance in the ability of the nursing home staff to adequately meet her needs consistent with the needs of other residents. Her behavior has been getting worse and has continued to get worse between the first hearing in this court on July 17, 1984, and the last hearing on October 9, 1984. This is clear evidence that it is her mental illness that is the source of the problem.

At the request of respondent through her counsel, this court appointed an expert in mental health to make an evaluation on her behalf. Even this expert, Vincent F. Berger, Ph.D., a board certified forensic psychologist, concurred with the expert witness for

petitioner, Paul Conti, a board certified psychiatrist, that Mrs. Butchko was a danger to other people in her nursing home environment. The experts disagreed however on whether involuntary hospitalization at the Harrisburg State Hospital would be helpful to the respondent or constituted the least restrictive alternative for treatment of respondent's mental illness.

I find as a fact that there are insufficient resources at the Cumberland County Nursing Home to provide the care and treatment necessary for Mrs. Butchko. All parties agree that a return to a home environment is not a viable alternative in providing necessary treatment for her. Accordingly, I conclude that in-patient treatment at the Harrisburg State Hospital, which is the appropriate place to commit the respondent because of her residence in Cumberland County, is the least restrictive alternative for treating her mental illness at this time. Dr. Berger points out that the respondent was previously hospitalized at the Harrisburg hospital between January 12 and March 31, 1982, and discharged at that time upon a finding that she was not mentally ill. The fact remains, however, that Dr. Conti has diagnosed a current mental illness and the evidence reveals that this illness has resulted in respondent's current assaultive and aggressive episodes together with an overall regressed level of functioning which includes brief psychotic episodes, the abusive pursuit of medication and threats of suicide. It is Dr. Conti's opinion that in-patient treatment is necessary to manage and control respondent's behavior and is also the proper setting for manipulating the complicated medications required to deal with all of her problems, something that cannot be done at the Cumberland County Nursing Home.

We are always hesitant to impose involuntary treatment and would not do so were we not satisfied by the clear and convincing evidence that the requirements for such a commitment as set forth in the Mental Health Act have been met. We realize that ordering such treatment entails some risks and unfortunately will be made more difficult by the intransigence of the respondent who readily admits to her aggressive and inappropriate behavior but lacks comprehension as to the probability of the harm which will be incurred if it continues. However, this does not mitigate the need and responsibility to provide treatment to the severely mentally disabled respondent.

Accordingly, the following is entered.

## ORDER OF COURT

And now, this October 12, 1984, Helen Ellen Butchko, respondent, is ordered committed to the Harrisburg State Hospital for treatment for a period not to exceed 90 days.